UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TYRAY A. BRADLEY, JR.,

Plaintiff,

v.

Cause No. 3:23-CV-1066-PPS-JEM

CENTURION MEDICAL STAFFING,

Defendant.

## OPINION AND ORDER

Tyray A. Bradley, Jr., a prisoner without a lawyer, filed a complaint. [DE 1.] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Bradley alleges that since entering the Westville Control Unit on October 3, 2023, he has not received proper medical care. He complains that his medications have been skipped or passed out at irregular times, and he has submitted several health care request forms with no response. In particular, he alleges he wrote a health care request for dental care several times, including November 4, 2023, about multiple fractured teeth, extreme toothaches, and cavities that prevented him from chewing his food, but

had not been seen by a dentist by the time he submitted this complaint a month later on December 3, 2023. He alleges he wrote multiple requests to mental health to see the doctor or trained professional as soon as possible, and he received a response saying that he refused to come out to see mental health—an assertion that he denies. He also wrote multiple medical requests for sick call about his left thumb being numb and having extreme pain in his left arm and shoulder, possibly because he had recently dislocated that elbow. He complains that he did not receive any response to those requests until he filed a grievance.

Bradley alleges that the lack of dental care has caused him prolonged pain, bleeding, and infection, and it keeps him from being able to eat properly. The lack of mental health care has caused his mental health to deteriorate, leading to suicidal thoughts, extreme paranoia, extreme anxiety, and depression. The lack of medical care has left him with constant pain in his left arm, and his thumb is still numb. He sues Centurion Medical Staffing for damages because of the inadequate staff at Westville Correctional Facility.

Centurion Medical Staffing is the private company that provides medical care for the Indiana Department of Correction and, as such, may be held liable for constitutional violations under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). A claim under *Monell* "requires a plaintiff to show that he (1) suffered a deprivation of a federal right; (2) as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policymaking authority; which (3) was the proximate cause of his injury." *McFields v. Dart*, 982 F.3d 511, 516 (7th Cir. 2020)

(quotation marks and ellipses omitted). "To demonstrate that [Centurion] is liable for a harmful custom or practice, the plaintiff must show that [Centurion] policymakers were deliberately indifferent as to the known or obvious consequences. In other words, they must have been aware of the risk created by the custom or practice and must have failed to take appropriate steps to protect the plaintiff." *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (cleaned up).

Here, Bradley plausibly alleges that a custom of Centurion employees not timely providing medical care in response to medical requests deprived him of his right to constitutionally adequate medical care under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment." (quotation marks and citation omitted)). He may, thus, proceed against Centurion.

For these reasons, the Court:

(1) **GRANTS** Tyray A. Bradley, Jr., leave to proceed against Centurion Medical Staffing in its official capacity for compensatory and punitive damages for deliberate indifference to a custom or practice of not staff not providing timely medical care for serious medical needs in medical requests in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the Clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to

locate and serve process on) Centurion Health Staffing at Centurion Health of Indiana, LLC, with a copy of this order and the complaint [DE 1]; and

(4) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Centurion Health Staffing to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED** on August 16, 2024.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT