UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TYRAY A. BRADLEY, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-1066-PPS-JEM |
| CENTURION MEDICAL STAFFING, | |
| Defendant. | |

**OPINION AND ORDER**

Tyray A. Bradley, Jr., a prisoner without a lawyer, is proceeding in this case "against Centurion Medical Staffing in its official capacity for compensatory and punitive damages for deliberate indifference to a custom or practice of staff not providing timely medical care for serious medical needs in medical requests in violation of the Eighth Amendment[.]" [DE 19 at 3]. On January 2, 2025, the defendant filed a motion for summary judgment, arguing Bradley did not exhaust his administrative remedies before filing this lawsuit. [DE 32]. With the motion, the defendant provided Bradley the notice required by N.D. Ind. L.R. 56-1(f). [DE 36]. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to

evidence supporting each dispute of fact. Bradley's deadline was extended to April 3, 2025, but this deadline passed over three months ago and Bradley still has not responded. [DE 37]. Therefore I will now rule on the defendant's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v.*

*McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

The defendant provides an affidavit from the Grievance Specialist at Westville Correctional Facility ("WCF") and Bradley's grievance records, which show the following facts:[1] During all relevant times, an Offender Grievance Process was in place at WCF. [DE 35-1 at 2]. The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. [*Id.*; DE 35-2 at 3].

Bradley's grievance records show he submitted two potentially relevant grievances but did not fully exhaust either grievance. Specifically, on November 11, 2023, Bradley submitted Grievance 167596 complaining his requests to be seen by dental for fractured teeth and cavities had been ignored. [DE 35-1 at 3; DE 35-3 at 21]. The grievance office denied Grievance 167596 on its merits, Bradley submitted a Level I appeal to the warden, the warden denied Bradley's Level I appeal, and Bradley never submitted a Level II appeal to the Department Grievance Manager, which was a necessary step to exhaust the grievance. [DE 35-1 at 3-4; DE 35-3 at 2, 17-20]. Second, on

---

[1] Because Bradley has not responded to the defendant's summary judgment motion, the court accepts the Grievance Specialist's attestations and the contents of Bradley's grievance records as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

November 26, 2023, Bradley submitted Grievance 166284 complaining his medical requests related to thumb and elbow pain went unanswered. [DE 35-1 at 4; DE 35-3 at 6]. The grievance office denied Grievance 166284 on its merits, concluding Bradley had received timely medical care, and Bradley never appealed that response. [DE 35-3 at 2, 4-5]. The Grievance Specialist attests Bradley's grievance records show he has never fully exhausted any relevant grievance related to his claim in this lawsuit. [DE 35-1 at 5].

Here, the defendant has met its burden to show Bradley did not exhaust his available administrative remedies before filing this lawsuit, as the undisputed evidence shows Bradley submitted two potentially relevant grievances but did not fully exhaust either grievance. Bradley doesn't dispute any of this evidence or provide any evidence his administrative remedies were in any way unavailable. Indeed, he hasn't responded at all. Thus, because the undisputed facts show Bradley did not exhaust his available administrative remedies before filing this lawsuit, summary judgment is warranted in favor of the defendant.

For these reasons, the Court:

(1) **GRANTS** Centurion Medical Staffing's motion for summary judgment [DE 32]; and

(2) **DIRECTS** the clerk to enter judgment in favor of Centurion Medical Staffing and against Tyray A. Bradley, Jr., and to close this case.

**SO ORDERED**.

ENTERED: July 29, 2025.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT